UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> FANUC AMERICA CORPORATION, <br><br> Defendant. <br><br> This Document Relates to: ALL RELATED CASES. | Case No. 26-cv-00860-PHK <br><br> **ORDER RE: INITIAL CASE COORDINATION WITH OTHER RELATED CASES** |

This case has been referred by consent of all Parties to the undersigned for all purposes (both pre-trial and post-trial). [Dkt. 18]. Accordingly, all Parties and counsel are **ORDERED** to read and comply with the undersigned's Standing Order for Civil Cases and Standing Order for Discovery, which are now applicable to this case.

On February 19, 2026, Defendant filed a Notice of Pendency of Other Actions Involving the Same Patent pursuant to Patent Local Rule 2-1(a). [Dkt. 11]. Patent Local Rule 2-1(a) provides that "[w]hen actions concerning the same patent are filed within two years of each other by the same plaintiff, they will be deemed related." Patent Local Rule 2-1(a)(1). Here, Plaintiff Artificial Intelligence Industry Association, Inc. ("AIIA") filed a Complaint against Fanuc America Corporation ("Fanuc") for infringement of U.S. Patent No. 11,257,272 ("the '272 patent"). AIIA asserts this same patent in two other lawsuits assigned to the undersigned: *AIIA v. Osaro, Inc.* (Case No. 25-cv-07170-PHK) and *AIIA v. Parallel Domain, Inc.* (Case No. 25-cv-07658-PHK). The Court thus confirms that, pursuant to Patent L.R. 2-1, this case is deemed related to these two other

1   cases filed by AIIA pending before the Court.

2   In the interests of economy and efficiency, the Parties in this case are ordered to promptly meet and confer with the Parties in the other two related AIIA cases to discuss planning for alignment of their case schedules, coordination of discovery planning, and any other case management issues the Parties deem appropriate, including but not limited to whether these cases should be formally consolidated pursuant to Fed. R. Civ. P. 42 as well as those issues enumerated under Fed. R. Civ. P. 16(c)(2) and Fed. R. Civ. P. 26(f)(2) and (3).

The Parties in all these related cases are **ORDERED** to file a Joint Case Management Status Report on or before April 3, 2026 reporting on the results of their meet and confers and setting forth initial proposed plans for case scheduling and case management (jointly to the extent agreed upon). In this regard, counsel are reminded of their duties under Fed. R. Civ. P. 1.

In particular, in the Joint Case Management Status Report, the Parties are **ORDERED** to include a Joint Notice indicating whether or not the Parties agree that Fanuc shall join in the pending Motion to Dismiss filed jointly in the *Osaro* case [Dkt. 34] and in the *Parallel Domain* case [Dkt. 31], and thus whether Fanuc agrees to be bound by the results of that motion as if it were filed in this case, and if not, the Parties' proposals for finalizing the pleadings with regard to Fanuc.

Going forward, the Defendants in all these related cases are directed to coordinate reasonably and in good faith amongst themselves regarding coordination of common presentation of the same arguments or issues, and the coordinated preparation and filing of any master briefs or other submissions in any further motions practice or other proceedings on behalf of multiple Defendants. Likewise, Plaintiff is directed to coordinate its communications affecting case management, scheduling, and planning in these cases with Defendants jointly, with the goal of achieving reasonable and efficient coordination among all Parties on issues and matters of common concern (including scheduling, discovery, case management, and planning, as well as good faith and reasonable negotiations for coordinated scheduling of consolidated or joint briefing of issues common to multiple Parties).

All Orders, pleadings, motions, and other submissions or documents filed and docketed in the lowest numbered case (which as of the date of this Order is the *Osaro* case) **SHALL**, when filed

and docketed in that case, be deemed filed and docketed in each of the related cases to the extent applicable.  If a document filed in the lowest numbered case is generally applicable to all of these related cases, such document **SHALL** include in its caption the notation that the document relates to "ALL RELATED CASES".  Documents intended to apply only to a particular case (or particular subset of cases) among these related cases **SHALL** indicate in the caption the case number(s) of the particular case(s) to which that document applies and shall be filed and docketed both in that particular case (or subset of cases) as well as in the lowest numbered case.

The Court will set the Initial Case Management Conferences in all these cases after review of the Parties' Joint Status Report as discussed above.  The Court's intention is to reset the Initial Case Management Conferences (and related deadlines) to a single coordinated deadline after the Court reviews the Parties' filings discussed above.

The deadline for all Parties to file their respective ADR Certifications (ADR Local Rule 3) in their respective cases is **SET** to November 21, 2026.

**IT IS SO ORDERED.**

Dated: March 3, 2026

PETER H. KANG
United States Magistrate Judge